J-S43023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD SPRANKLE | : | |
| | : | |
| Appellant | : | No. 1910 WDA 2017 |

Appeal from the PCRA Order November 16, 2017
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000265-2013

BEFORE:  STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                **FILED JANUARY 29, 2019**

Appellant, Donald Sprankle, appeals *pro se* from the November 16, 2017 Order entered in the Jefferson County Court of Common Pleas dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Because Appellant filed an untimely Petition, we are without jurisdiction to review its merits.  Accordingly, we affirm.

On July 12, 2013, the Commonwealth charged Appellant with 25 counts each of Indecent Assault—Person Less than 13, Corruption of Minors, and Aggravated Indecent Assault of a Child, a first-degree felony, arising from crimes Appellant committed in 2006 and 2007.[1]  On September 4, 2013,

---

[1] 18 Pa.C.S. §§ 3126(a)(7); 6301(a)(1)(ii); and 3125(b), respectively.

Appellant entered a negotiated guilty plea to 2 counts each of Aggravated Indecent Assault, a second-degree felony, and Corruption of Minors.[2]

On January 3, 2014, the court sentenced Appellant to two consecutive terms of 5 to 10 years' incarceration for his Aggravated Indecent Assault convictions, and to two additional consecutive sentences of 1 day to 5 years' incarceration for his Corruption of Minors convictions. Thus, Appellant's aggregate sentence was 10 years' and 2 days' to 30 years' incarceration.

The court also determined that Appellant is a Sexually Violent Predator. Additionally, Appellant's conviction of Aggravated Indecent Assault classified him as a Tier III sexual offender, and required him to comply with the lifetime registration and reporting requirements of the Sexual Offender Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S. §§ 9799.14(d); 9799.15(a)(3). Appellant did not file a Post-Sentence Motion or a direct appeal from his Judgment of Sentence. His sentence, thus, became final 30 days later, on February 3, 2014.[3]

---

[2] 18 Pa.C.S. §§ 3125(a)(7) and 6301(a)(1)(ii), respectively. Appellant's Sentencing Order, however, incorrectly identified the subsection and grading of Appellant's Aggravated Indecent Assault conviction as 18 Pa.C.S. § 3125(b), a first-degree felony. Recognizing this error, on October 28, 2016, the trial court entered an Order correcting Appellant's sentences to reflect that he had pleaded guilty to Aggravated Indecent Assault, 18 Pa.C.S. § 3125(a)(7), a second-degree felony.

[3] *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. The thirtieth day after January 3, 2014, was Sunday, February 2, 2014.

On July 20, 2016, Appellant filed a *pro se* PCRA Petition in which he claimed that his plea counsel, John Ingros, Esquire, had rendered ineffective assistance and that he is serving an illegal mandatory minimum sentence pursuant to **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016).

The PCRA court appointed counsel who, on July 29, 2016, filed a Petition to Withdraw as Counsel as well as a **Turner**/**Finley** "no-merit" letter.[4]  On August 1, 2016, the PCRA court advised Appellant of its intent to dismiss his Petition without a hearing pursuant to Pa.R.Crim.P. 907.

That same day, the court permitted counsel to withdraw, and on August 25, 2016, it dismissed Appellant's PCRA Petition as untimely.  Appellant timely appealed, but on January 30, 2017, this Court dismissed Appellant's appeal for failure to file a brief.  **See Commonwealth v. Sprankle**, No. 1505 WDA 2016 (Pa. Super. filed Jan. 30, 2017).

On June 2, 2017, Appellant filed with the PCRA court a "Letter in Application for 'Application to Reinstate Appeal.'"  In this "Letter," Appellant requested that the PCRA court reinstate his appeal rights *nunc pro tunc*.  The PCRA court denied this request on June 8, 2017.

On September 22, 2017, Appellant filed *pro se* the instant PCRA Petition. In this Petition, Appellant reiterated his claim that he is serving an illegal mandatory minimum sentence pursuant to **Wolfe**, and asserted that the

_____

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

requirement that he register as a sex offender for his lifetime is unconstitutional pursuant to ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017).[5] In an effort to overcome the PCRA's jurisdictional time-bar, Appellant averred that his petition was timely pursuant to 42 Pa.C.S. § 9545(b)(1)(iii) ("[T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.").

On October 12, 2017, the PCRA court advised Appellant of its intent to dismiss his Petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 6, 2017, Appellant filed a Response to the court's Rule 907 Notice, baldly restating his claim that he is entitled to relief pursuant to ***Wolfe*** and ***Muniz***.

On November 16, 2017, the PCRA court dismissed Appellant's Petition as untimely and meritless. This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

---

[5] In ***Muniz***, the Court held that SORNA's stringent registration and reporting requirements constitute criminal punishment for purposes of the ex post facto clause of the Pennsylvania Constitution, and therefore do not apply to offenders whose crimes occurred before SORNA's December 20, 2012 effective date. ***Muniz***, 164 A.3d at 1223. The Pennsylvania Supreme Court has not held that the new right that ***Muniz*** created applies retroactively in order to satisfy the timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(iii). ***Commonwealth v. Murphy***, 180 A.3d 402, 405-06 (Pa. Super. 2018).

1. Did the lower court err by denying PCRA relief from the SORNA registration ruled unconstitutional by [the] Supreme Court of Pennsylvania?

2. Did the lower court err by denying PCRA relief from the illegal mandatory minimum sentence imposed on the Appellant?

Appellant's Brief at 7.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. No court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008).

A petitioner must file a PCRA Petition within one year of the date the underlying judgment becomes final; a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3). The PCRA, however, provides exceptions to the timeliness requirement in certain circumstances. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition to establishing the elements of a timeliness exception, a

petitioner must also establish that he filed his PCRA petition within 60 days of the date he could have presented his claim.  42 Pa.C.S. § 9545(b)(2).[6]

We note that even though a defendant cannot waive a legality of sentence issue, we do not have jurisdiction to review the legality of a sentence in a PCRA petition unless the petitioner can establish that the PCRA grants the court the authority to exercise jurisdiction over the legality of sentence issue. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007); *see* 42 Pa.C.S. § 9545(b); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." (citation omitted)).

Appellant's Petition, filed on September 22, 2017—more than 3 years after his Judgment of Sentence became final—is facially untimely.

In his PCRA Petition and in his Brief to this Court, Appellant attempted to invoke the timeliness exception set forth in Section 9545(b)(1)(iii), alleging that his illegal sentence claims are based on a newly recognized constitutional right.  We must, however, first determine whether Appellant filed his PCRA

---

[6] The legislature recently amended 42 Pa.C.S. § 9545(b)(2) so that, effective December 24, 2018, a petitioner must file his petition asserting a timeliness exception within one year of the date he could have presented his claim.  *See* Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective Dec. 24, 2018 (providing that "the amendment of subsec. (b)(2) by that Act shall apply to claims arising on Dec. 24, 2017 or thereafter").

Petition within 60 days of the date when Appellant could first assert a challenge to the legality of his sentence.

In his first issue, Appellant claims that, pursuant to the Pennsylvania Supreme Court's holding in *Muniz*, SORNA's registration requirements are unconstitutional as applied to him because he committed the crimes for which he was convicted between late 2006 and mid-2007, prior to SORNA's enactment, and the trial court imposed the increased registration requirements that SORNA mandates. Appellant's Brief at 13, 18.

The Pennsylvania Supreme Court filed its decision in *Muniz* on July 19, 2017. Thus, Appellant could have first asserted a claim on this date. The 60-day time period for raising his claim expired on Monday, September 18, 2017.[7]

This Court's review of the record indicates that Appellant hand-dated the instant PCRA Petition on September 19, 2017, a day after the 60-day period expired. Furthermore, the prothonotary docketed the Petition on September 22, 2017, three days after the time period expired. Thus, Appellant did not satisfy even the first requirement that he file his Petition within 60 days that he could have first asserted a claim under *Muniz*. Since Appellant failed to do so, we lack jurisdiction over his PCRA Petition.[8]

---

[7] *See* 42 Pa.C.S. § 9545(b)(2). The sixtieth day after July 19, 2017, was Sunday, September 17, 2017.

[8] Even if Appellant had timely filed his Petition, as noted *supra*, the Pennsylvania Supreme Court has not held that the new constitutional right that *Muniz* establishes applies retroactively. *Murphy*, 180 A.3d at 406. Thus, Appellant cannot rely on *Muniz* to satisfy the timeliness exception to the PCRA's time-bar. *Id.*

In his second issue, Appellant claims that, pursuant to **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016), he is serving an illegal mandatory minimum sentence. He avers that he filed this claim within 60 days of the Pennsylvania Supreme Court's June 20, 2016 decision. The record, however, belies this claim. As discussed, *supra*, Appellant filed the instant Petition on September 22, 2017, which is more than 15 months after the Court filed the decision in **Wolfe**. This claim is, likewise, untimely and we are without jurisdiction to review it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2019